THE GLOUCESTER AND SALEM TURNPIKE COMPANY v. JOHN H. LEPPE.

Submitted March 28, 1898—Decided June 13, 1898.

A turnpike company, by its charter, was empowered to collect toll for every carriage *drawn by one or more beasts* which traveled over its road, and to stop any person driving any carriage of burden or pleasure who attempts to pass its gates without having paid the specified toll.

*Held*, that this charter provision did not authorize the exaction of toll from a bicycle rider traveling along the company's turnpike upon his wheel.

On demurrer to declaration.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the plaintiff, *David O. Watkins.*

For the defendant, *Herbert W. Knight.*

The opinion of the court was delivered by

GUMMERE, J. This is an action brought to recover a penalty alleged to have been incurred by the defendant in refusing to pay a toll of five mills per mile for riding a bicycle along the turnpike road of the plaintiff company, in Gloucester county.

The statute under which the action is brought is "An act to incorporate the Gloucester and Salem Turnpike Company." *Pamph. L.* 1851, *p.* 177. The eighth section of this statute empowers the company to erect gates across its turnpike "and to demand and receive toll for traveling each mile of the said road not exceeding the following rates, to wit, for every carriage, sleigh or sled drawn by one beast, one cent; for every additional beast, one cent; for every horse and rider or led horse or mule, five mills; for every dozen of calves, sheep or hogs, five mills; for every dozen of horses, mules or cattle, two cents." It further enacted that "it shall and may be lawful for the toll-gatherers to stop persons riding, leading or driving any horses, cattle, mules, calves, sheep or hogs, or carriages of burden or pleasure, from passing through the said gates or turnpikes until they shall have paid the toll as above specified." The tenth section of the act provides that "if any person shall forcibly pass such gates without having paid the legal toll thereat, such person shall forfeit and pay the sum of twenty dollars, besides being subject to an action of damages for the same, to be recovered by said company by action of debt or other proper action in any court of competent jurisdiction, with costs of suit."

The sole question presented by this demurrer is whether the plaintiff was entitled, under the charter provision above set out, to collect toll from the defendant for riding his bicycle upon its turnpike.

The plaintiff insists that a bicycle is a carriage by legislative enactment (*Gen. Stat., p.* 2940, § 570); that it is "a carriage of pleasure;" and that as the latter clause of the eighth section of plaintiff's charter authorized its toll-gatherers "to stop persons driving carriages of burden or pleasure until they have paid the toll," &c., the defendant incurred the penalty prescribed by the tenth section of the charter by forcibly passing through the toll-gate on his bicycle without having paid toll.

It is true that in this state bicycles are carriages and that persons riding or propelling them upon turnpikes or public roads are to observe the law of the road when passing or being passed by another vehicle, but this does not necessarily make them tollable. The plaintiff company is not entitled to collect toll from every person traveling upon its turnpike. Its right to do so is dependent wholly upon the authority conferred by its charter, and its toll-gatherers are empowered to stop persons passing through its gates only in those cases in which the company has a right to exact a toll by the specific provisions of that instrument. A glance at the schedule contained therein discloses that carriages, *per se*, are not subject to toll and that they only become so when "drawn by one or more beasts." A bicycle ridden by a human being no more comes within this description than a wheelbarrow drawn by a man or a perambulator pushed by a nursemaid.

Bearing in mind the fundamental rule that grants by the state to corporations of franchises of this character are to be strictly construed, and that nothing passes thereby except what is plainly granted, it is manifest that the plaintiff's charter did not authorize it to collect the toll demanded from the defendant, and that there must be judgment on the demurrer.

The defendant is entitled to costs.