## WESLEY STRING

### *v.*

## THE CAMDEN AND BLACKWOODTOWN TURNPIKE COMPANY.

[Filed July 5th, 1898.]

1. Where the only provisions of a turnpike road company's charter which authorize the corporation to charge tolls empower it to "demand and receive tolls for traveling each mile of said road not exceeding the following rates," specifying rates for several vehicles *drawn by one or more beasts,* a man traveling the turnpike road upon a bicycle is not within the class from which the company is authorized to exact tolls, and the company has no power to collect them from such a rider.

2. The charter does not authorize the collection of tolls from everything which may travel the turnpike road, limiting only the rate which may be

charged on the things named.  It gives power to take tolls from the specific things named, at the specified rates, and from no others at any rate.

3. The act of March 28th, 1892. (*P. L. of 1892 p. 299*), which authorizes turnpike road companies which have faced their roads with stone to collect tolls from bicycle riders, has no application, under the pleadings, to this case.

On bill, &c.

*Mr. Henry Hollinshead, Jr.*, for the complainant.

*Mr. George Reynolds*, for the defendant.

GREY, V. C.

The complainant has been stopped in riding his bicycle over the turnpike road of the defendant company and compelled to pay tolls under the defendant's claim that it has the right to exact toll from a bicycle rider traveling its turnpike road.  It insists on its right to continue such collections, so that the complainant is unable to ride his bicycle over that turnpike without being forced to stop and pay toll.  He denies the authority of the defendant company to collect tolls for the traveling of a bicycle rider on his wheel over that turnpike, and prays that it may be enjoined from so doing.

The defendant demurs to the bill, alleging as its ground of demurrer its lawful right to charge tolls for traveling on a bicycle over its turnpike.

The question is, therefore, has the defendant company a lawful right to exact tolls from the complainant for riding a bicycle on its turnpike?

Whatever rights the defendant has to enforce the payment of tolls must arise from the powers given it by the legislature.  The provisions of its charter (*P. L. of 1855 p. 434 § 8*) declare

"That as soon as the said company shall have constructed five miles of the said turnpike road  *  *  *  it shall and may be lawful for the said company to erect gates on turnpikes, across the same, and to demand and receive toll for traveling each mile of said road, not exceeding the following rates, to wit: For every carriage, sleigh or sled, drawn by one beast, one cent; for every additional horse, one cent; for every additional beast, five mills; for

String *v.* Camden and Blackwoodtown Turnpike Co.

every horse and rider, or led horse or mule, five mills; for every dozen of calves, sheep or hogs, five mills; for every dozen of horses, mules or cattle, two cents,"

with further provision that on non-payment of tolls as above specified, passage over the turnpike may be stopped, with a penalty of $20 for forcing a passage.

It will be noticed that every vehicle for the passage of which the defendant company is authorized to make a charge must be drawn by a beast.

The defendant claims that by the true construction of its charter, the eighth section must be held to declare that it shall be lawful for the company to erect gates across the turnpike and to demand and receive toll for traveling each mile of the road; and that these words only are to be considered in defining the power granted; that the words which follow in section 8, prescribing rates, are not a limitation upon the grant of power to charge tolls upon everything traveling that road, but only a definition of the amounts which may be charged against the specified things for which a rate is given; that the bicycle has been defined to be a carriage (*Gen. Stat. p. 2940* ¶ 570), and that the defendant company has power to charge a reasonable rate against a bicycle rider because he is traveling its road.

In *Camden and Amboy Railroad Co.* v. *Briggs, 2 Zab. 641,* the chancellor, in delivering the leading opinion in the court of errors in a case involving the construction of a charter authorizing the building of a railroad with power to charge tolls, declared that a corporation, being a creature of the law, has just such rights and powers as the law creating it gives it, and no other. It was decided that a grant to construct a railroad from the Delaware river to Raritan bay, and to charge tolls thereon, did not authorize the collection of tolls for carriage of passengers or freight over the waters of the river or bay named.

The grant of a power to construct a turnpike road carries with it no implication of authority to collect tolls. This high franchise can only be exercised by virtue of an express grant.

In the defendant's charter it is authorized to receive tolls, not exceeding the rates named, for carriages, sleighs and sleds drawn

by a beast, and for, the animals named traveling the turnpike. No authority is given to charge for a carriage, &c., drawn or moved otherwise than by a beast, nor for any other animals traveling the road than those which are specified. The words used in conferring the power to charge for these specific things traveling the turnpike cannot be wrenched from their proper relation in order to confer a general power to charge tolls for anything traveling that road.

If such a construction were given this charter, the defendant company would have power to collect tolls from everything traveling its road. The rate would be fixed by the charter on all the things specified, but the company could charge at its will on everything else that traveled the road, including even men and women walking, and therefore traveling the road. The legislature made no such grant of power, and no court will force such a construction.

The supreme court of this state in the very recent case of *Gloucester and Salem Turnpike Co.* v. *Leppe, 33 Vr. 92,* held that the charter of the plaintiff company, which contained words of grant similar to those under consideration, gave no power to collect tolls for riding a bicycle over the plaintiff's turnpike road.

No additional grant by way of supplement authorizing the tolling of bicycle riders is shown in the bill. There is an act (*P. L. of 1892 p. 299*) enabling a turnpike company which improves its road by coating it with stone, to charge " for every bicycle or tricycle one cent per mile " for traveling over so much of its road as it has so improved, when the company has filed a certificate in the office of the secretary of state, showing the length of the road and the number of miles it has faced with stone. No allegation in the bill indicates that the defendant company has in any way complied with the terms of this act, so there is no occasion in this case to discuss its provisions.

The complainant is entitled to have a restraint against the defendant company, prohibiting it from extorting unauthorized tolls as a condition of traveling the defendant's turnpike.

I will advise a decree that the demurrer be overruled, with costs.